IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 6, 2018

**STATE OF TENNESSEE v. RICKY DEE MAY**

**Appeal from the Circuit Court for Madison County**
**No. 16-506   Donald H. Allen, Judge**

_____

**No. W2018-00224-CCA-R3-CD**

_____

The defendant, Ricky Dee May, pled guilty to the manufacture of marijuana and felony possession of drug paraphernalia and received an effective sentence of two years. On appeal, the defendant contends the trial court erred in imposing the maximum sentence for each offense. After our review, we affirm the trial court's sentence pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and TIMOTHY L. EASTER, JJ., joined.

Gregory D. Gookin, Jackson, Tennessee, for the appellant, Ricky Dee May.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

The defendant, Ricky Dee May, was indicted in Madison County Circuit Court for manufacturing marijuana, felony possession of drug paraphernalia, and possession of a firearm during the commission of a dangerous felony. Tenn. Code Ann. §§ 39-17-417; -425; -1324. On December 11, 2017, the defendant pled guilty to manufacturing marijuana and felony possession of drug paraphernalia, both Class E felonies.[1] Following a sentencing hearing, the trial court sentenced the defendant, as a Range I

_____

[1] The defendant's possession of a firearm during the commission of a dangerous felony charge was dismissed.

standard offender, to concurrent terms of two years on each count. In determining the defendant's sentence, the trial court gave "great weight" to the defendant's eight prior misdemeanor convictions, which included two drug convictions. The trial court also considered the defendant's history of drug abuse and lack of significant ties to Tennessee.

The defendant now appeals, alleging the trial court erred in sentencing him to the maximum sentence on each count. In response, the State argues the defendant has waived this issue for failing to provide citations to the record in his brief. In the alternative, the State contends the trial court acted within its discretion in imposing an effective sentence of two years. Upon our review of the record, we agree with the State.

It is well settled that this Court reviews within-range sentences imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W. 3d 682, 707 (Tenn. 2012). The party appealing a sentence bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40–35–401, Sentencing Comm'n Cmts. A defendant is not entitled to the minimum sentence within the applicable sentencing range. *See State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). Rather, once the trial court determines the sentencing range, it "is free to select any sentence within the applicable range." Tenn. Code Ann. § 40–35–210 (a), (d); *Carter*, 254 S.W.3d at 343.

In order to comply with the Sentencing Act, the trial court must state on the record the statutory factors it considered and the reasons for the ordered sentence. Tenn. Code Ann. § 40–35–210(e); *Bise*, 380 S.W.3d at 705-06. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. Thus, a sentence imposed by a trial court "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W. 3d at 709-10.

We agree with the State that the defendant has waived this issue by failing to support his argument with citation to appropriate authorities or references to the record. In addition, the defendant failed to provide any reasoning as to why he is entitled to appellate relief. Tennessee Rule of Appellate Procedure 27(a)(7) provides that a brief shall contain "[a]n argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on[.]" Tennessee Court of Criminal Appeals Rule 10(b) states that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Crim. App. R. 10(b); *see also State v. Sanders*, 842 S.W.2d 257, 259 (Tenn. Crim. App. 1992)

(determining that issue was waived where defendant cited no authority to support his complaint.)  The defendant's argument has been waived.

Regardless, the defendant's argument is also without merit.  Based on the record, the trial court did not abuse its discretion in sentencing the defendant to two years for each count.  The trial court imposed a within range sentence after properly considering the evidence adduced at the guilty plea and sentencing hearings, the presentence report, the principles of sentencing, the parties' arguments, and the evidence of enhancing factors.  Tenn. Code Ann. §§ 40-35-103(5), -114, -210(b).  Therefore, the defendant's sentence is presumed reasonable.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.  *See* Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE